United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN A. VALES, et al.,<br>Plaintiffs,<br>v.<br>WELLS FARGO BANK, N.A., et al.,<br>Defendants. | Case No. 4:25-cv-10043-KAW<br>**ORDER GRANTING MOTION TO DISMISS**<br>Re: Dkt. No. 11 |

Pending before the Court is Defendant Wells Fargo Bank, N.A.'s motion to dismiss. (Def.'s Mot., Dkt. No. 11.)

Upon review of the moving papers, the Court finds this matter suitable for resolution without oral argument pursuant to Civil Local Rule 7-1(b), and, for the reasons set forth below, GRANTS Defendant's motion to dismiss.

## I. BACKGROUND

### A. Factual Background

On January 29, 2008, Erlina Arevalo obtained a mortgage loan from Wachovia in the amount of $700,000, which was secured by a Deed of Trust on the Property. (Compl. ¶¶ 8-9, Dkt. No. 1; Def.'s Req. for Judicial Notice, "Def.'s RJN," Dkt. No. 11-1, Ex. 1.) On December 31, 2008, Wachovia merged with, and into, Wells Fargo. (Def.'s RJN, Ex. 9.) As a result of the merger, all Wachovia assets, including Erlina's loan, are now owned by Wells Fargo.

After Erlina took out the loan, the Property was repeatedly transferred to a series of trusts. On February 5, 2008, Erlina recorded a grant deed transferring the Property to the Revocable Living Trust of Erlina M. Arevalo dated March 23, 1993 (the "Erlina Trust"). (Def.'s RJN, Ex. 2.) On August 25, 2008, Erlina, as trustee of the Erlina Trust, transferred the Property to the Erlina

Trust, Ernesto Arevalo ("Ernesto"), and Escolastico Ballar ("Escolastico") as tenants in common with an equal, divisible interests in the Property. (Def.'s RJN, Ex. 3.) On December 12, 2008, Escolastico transferred his interest in the Property back to the Erlina Trust. (Def.'s RJN, Ex. 5.) Accordingly, as of that date, the Erlina Trust and Ernesto held ownership interest in the Property.

On November 26, 2013, Erlina passed away. (*See* Death certificate, Compl., Ex. C.[1]) On February 22, 2019, Ernesto quitclaimed his interest in the Property to the Ernesto Merle Arevalo Revocable Living Trust, dated February 5, 2019 (the "Ernesto Trust"). (Def.'s RJN, Ex. 6.) Now, the Erlina Trust and the Ernesto Trust held ownership interest in the Property. (*See* Def.'s RJN, Exs. 3-6.)

On October 28, 2019—six years after Erlina passed away—a Trust Transfer Deed, allegedly signed by Erlina, individually, and dated April 13, 2013, was recorded purporting to transfer the real property commonly known as "33012 Corning Court Unoin [sic] City, CA 94587" to the Erlina M. Arevalo Family Trust Dated April 11, 2013 (the "Family Trust"). (Def.'s RJN, Ex. 7.)[2]

On February 10, 2021, Emilna and Ernesto recorded an Affidavit of Change of Trustee, which substituted them in as the trustees of the Family Trust in the place of Erlina, who acted as the trustee for the Family Trust prior to her death. (Compl. ¶ 12, Ex. C.) That same day, Emilna and Ernesto[3] recorded a Grant Deed purporting to transfer the Property from the Family Trust and the Ernesto Trust to the Emilna Trust. (Def.'s RJN, Ex. 8.[4]) On December 16, 2020, Emilna, as Trustee of the Emilna Trust, amended and restated the Emilna Trust and named Plaintiff John A.

---

[1] Erlina's 2013 death certificate is attached to the Affidavit of Change of Trustee that was not filed until 2021.

[2] At first blush, this transfer appears to be invalid. First, the Transfer Deed's legal description and APN differ from the legal description and APN for the Property. (Def.'s RJN, Ex. 7.) The Trust Transfer Deed contains an APN (483-0116-034) and legal description for a different property, located at 3337 San Pablo Ct., Union City, CA 94587. *Id.* at 3. Indeed, the prior recorded documents show a different legal description and APN for the Property (APN 543-0427-032). (*See* Def.'s RJN, Exs. 1-2; Deed of Trust, Compl., Ex. A.) Additionally, by 2013, Erlina does not appear to have had an individual interest in the Property, because she had transferred ownership to the Erlina Trust in 2008.

[3] It is unclear who Emilna is or whether she and Ernesto, as individuals, were authorized to record the Change of Trustee or the subsequent Deed transferring the property to the Emilna Trust.

[4] This Grant Deed correctly listed the Property's legal description and APN (543-0427-032). (Def.'s RJN, Ex. 8.)

Vales as successor trustee. (*See* Compl. ¶ 14, Ex. E.)

In May 2025, Emilna passed away and Plaintiff became the successor trustee of the Emilna Trust. (Compl. ¶¶ 14-15.)

**B. Procedural Background**

On October 7, 2025, Plaintiff initiated this action in the Alameda County Superior Court. The complaint generally alleges that Plaintiff has attempted to coordinate with Wells Fargo to remedy the default, but the Bank has refused to communicate with Plaintiff. (Compl. ¶ 18.) Plaintiff further alleges that Wells Fargo failed to explore foreclosure prevention alternatives prior to causing the trustee to record the Notice of Default and failed to take reasonable steps to ascertain the correct owner of the Property from public records. (*See* Compl. ¶¶ 20-43.) Among other things, Plaintiff seeks a "preliminary and permanent injunctive relief TO STOP Defendants from further encumbering or transferring interest in the Property and to stop Defendants from evicting any occupants of the Property." (Compl., Prayer for Relief ¶ 5.)

On October 10, 2025, Plaintiff filed an ex parte application seeking a temporary restraining order enjoining the foreclosure sale and filed a request to dismiss defendant Golden West Savings Association Service, Co. from the action. (Dkt. No. 1-2 at 44[5].) On October 14, 2025, the superior court granted Plaintiff's ex parte application and issued a temporary restraining order enjoining the foreclosure sale of the Property until the court could hold a preliminary injunction hearing. *Id.* at 143. On October 29, 2025, Clear Recon filed a declaration of nonmonetary status under Section 2924l of the California Civil Code, which on November 18, 2025 rendered Clear Recon a nominal defendant in this action. *Id.* at 155-57. On November 20, 2025, Wells Fargo timely removed this action to the Northern District of California. (Notice of Removal, Dkt. No. 1.)

On December 11, 2025, Wells Fargo filed the instant motion to dismiss. (Def.'s Mot., Dkt. No. 11.) On January 8, 2026, the parties were referred to the ADR Unit for a telephone conference to assess the case's suitability for mediation or settlement conference. (Dkt. No. 13.) On February 24, 2026, Plaintiff filed an opposition to the motion to dismiss. (Pl.'s Opp'n, Dkt.

[5] The Court will use the ECF pagination for Dkt. No. 1-2.



United States District Court
Northern District of California

No. 28.) On February 25, 2026, the case was reassigned to the undersigned because the parties consented to magistrate judge jurisdiction. (Dkt. No. 29.) On March 3, 2026, Wells Fargo filed a reply. (Def.'s Reply, Dkt. No. 32.)

## II. LEGAL STANDARD

### A. Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss based on the failure to state a claim upon which relief may be granted. A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

In considering such a motion, a court must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), and may dismiss the case or a claim "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro*, 250 F.3d at 732) (internal quotation marks omitted).

A claim is plausible on its face when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). In other words, the facts alleged must demonstrate "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action" and "conclusory statements" are inadequate. *Iqbal*, 556 U.S. at 678; *see also Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996) ("[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim."). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully . . . When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility

United States District Court
Northern District of California

and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (internal citations omitted).

Generally, if the court grants a motion to dismiss, it should grant leave to amend even if no request to amend is made "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citations omitted).

**B. Request for Judicial Notice**

As a general rule, a district court may not consider any material beyond the pleadings in ruling on a motion to dismiss for failure to state a claim. *Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir. 2001). A district court may take notice of facts not subject to reasonable dispute that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *United States v. Bernal–Obeso,* 989 F.2d 331, 333 (9th Cir. 1993). "[A] court may take judicial notice of 'matters of public record,'" *Lee*, 250 F.3d at 689 (citing *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986)), and may also consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading" without converting a motion to dismiss under Rule 12(b)(6) into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), overruled on other grounds by *Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002). The court need not accept as true allegations that contradict facts which may be judicially noticed. *See Mullis v. United States Bankruptcy Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987).

## III. DISCUSSION

**A. Request for Judicial Notice**

As a preliminary matter, Wells Fargo asks that the Court take judicial notice of nine documents in support of the motion to dismiss. (Def.'s Req. for Judicial Notice, "Def.'s RJN," Dkt. No. 11-1.) The documents are purportedly true and correct copies of: 1) Deed of Trust, dated February 5, 2008, recorded with the Alameda County Recorder's Office; 2) Grant Deed transferring title to the Property from Erlina M. Arevalo to the Revocable Living Trust of Erlina

M. Arevalo dated March 23, 1993 (the "Erlina Trust"), recorded in the official records of Alameda County on February 5, 2008 as Recorded Document No. 2008047656; 3) Grant Deed transferring title to the Property from the Erlina Trust, to Ernesto Arevalo, Escolastico Ballar, and the Erlina Trust, recorded in the official records of Alameda County on August 25, 2008 as Recorded Document No. 2008260466; 4) Quitclaim Deed for the Property from Cordelia Ballar to Escolastico Ballar, recorded in the official records of Alameda County on August 25, 2008 as Recorded Document No. 2008260467; 5) Grant Deed transferring title to the Property from Escolastico Ballar to the Erlina Trust, recorded in the official records of Alameda County on December 12, 2008 as Recorded Document No. 2008351117; 6) Quitclaim Deed for the Property from Ernesto Merle Arevalo to the Ernesto Merle Arevalo Revocable Living Trust, dated February 5, 2019 (the "Ernesto Trust"), recorded in the official records of Alameda County on February 22, 2019 as Recorded Document No. 2019033353; 7) Trust Transfer Deed, dated April 13, 2013, recorded in the official records of Alameda County on October 28, 2019 as Recorded Document No. 2019218835; 8) Grant Deed purporting to transfer title to the Property from the Erlina M. Arevalo Family Trust dated April 11, 2013 and the Ernesto Trust to the Emilna Trust, recorded in the official records of Alameda County on February 10, 2021 as Recorded Document No. 2021060395; 9) Wells Fargo & Company's Form 8-K, filed with the United States Securities and Exchange Commission (SEC), on January 2, 2009, detailing its December 31, 2008, merger with Wachovia Corporation. This filing is located at the SEC website: https://www.sec.gov/Archives/edgar/data/72971/000089882209000002/wellsfargo_8k.htm [last checked on December 9, 2025]. (Def.'s RJN at 1, Exs. 1-9.)

Under Rule 201, facts appropriate for judicial notice are those "not subject to reasonable dispute" in that they are either (1) "generally known within the trial court's territorial jurisdiction" or (2) "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Judicial notice may be taken "of court filings and other matters of public record." *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001). This includes both arrest warrants and search warrants. *See, e.g., Cooley v. City of Walnut Creek*, No. 18-CV-00719-YGR, 2019 WL 1533430, at *2 (N.D. Cal. Apr. 9, 2019) (judicial notice taken of

United States District Court
Northern District of California

existence of arrest warrant and statement of probable cause and filing date.)

Since Exhibits 1-8 are recorded instruments and Exhibit 9 is corporate filing required by the United States government, the exhibits are properly subject to judicial notice. Thus, the Court GRANTS Defendant's request for judicial notice.

**B. Motion to Dismiss**

**i. Plaintiff concedes that he does not have individual standing.**

First, Defendant argues that Plaintiff lacks standing to bring claims in his individual capacity, because he is not the borrower, so he "is only a real party in interest to the extent he brings this suit as trustee of the Emilna Trust." (Def.'s Mot. at 7 (citing Fed. R. Civ. P. 17(a).)

In opposition, Plaintiff concedes that he lacks standing to sue in his individual capacity, but he maintains that he has standing as a trustee of the Emilna Trust. (Pl.'s Opp'n at 4.)

Accordingly, the motion to dismiss is granted with prejudice as to John A. Vales's individual claims due to lack of standing.

**ii. Homeowner Bill of Rights ("HBOR") claim**

The first cause of action is for violation of California Civil Code § 2923.55. (Compl. ¶¶ 19-24.) Defendant moves to dismiss this claim on the grounds that the Trust is not a borrower on Erlina's Loan, and, even if it were, Wells Fargo facially complied with the requirements of Section 2923.55. (Def.'s Mot. at 8.)

Generally, HBOR permits a borrower to seek to enjoin a foreclosure sale to permit a servicer to remedy a "material violation" of HBOR. *See* Cal. Civ. Code § 2924.12(a)(1). ("If a trustee's deed upon sale has not been recorded, a borrower may bring an action for injunctive relief to enjoin a material violation of Section 2923.55, 2923.6, 2923.7, 2924.9, 2924.10, 2924.11, or 2924.17.") A "borrower" is defined as "any natural person who is a mortgagor or trustor and who is potentially eligible for any federal, state, or proprietary foreclosure prevention alternative program offered by, or through, his or her mortgage servicer." Cal. Civ. Code § 2920.5(c)(1).

In opposition, Plaintiff relies on *Shiflett v. Lakeview Loan Servicing, LLC*, No. 2:23-CV-00397-DJC-EFB, 2025 WL 603616, at *12 (E.D. Cal. Feb. 25, 2025), to support the argument that the Trust is a successor in interest to the borrower, Erlina, and Wells Fargo should have contacted

United States District Court
Northern District of California

it pursuant to Section 2923.55. (*See* Pl.'s Opp'n at 5-6.) *Shiflett,* however, is not persuasive. In *Shiflett*, the district court found that a successor in interest had standing to sue under California Civil Code §§ 2923.5 and 2923.55(c) by extending the California Court of Appeal's decision in *Shetty v. HSBC Bank USA, N.A.*, 91 Cal. App. 5th 796, 799 (2023). *Shiflett,* 2025 WL 603616, at *12, 14 (citing *Shetty*, 91 Cal. App. 5th at 802). *Shetty,* however, merely held that a successor in interest had a right to reinstate a defaulted mortgage obligation under California Civil Code § 2924c, and, therefore, had standing to bring a claim for that statutory violation. 91 Cal. App. 5th at 802. In doing so, the *Shiflett* court overlooked the fact that § 2924c explicitly states that "the trustor or mortgagor *or their successor in interest* in the mortgaged or trust property… may pay to the beneficiary or the mortgagee or their successors in interest, respectively, the entire amount due, at the time payment is tendered…" to reinstate the mortgage loan. Cal. Civ. Code § 2924c(a)(1) (emphasis added). This Court must assume that if the California Legislature intended to confer standing to successors in interest for other violations of HBOR, those sections would have included similar language. Since the "successor in interest" language is notably absent, standing to sue under § 2923.55 is expressly limited to "borrowers."

Here, Wells Fargo contends that Plaintiff can only be considered a "borrower" if the Erlina Trust formally assumed the loan, which Plaintiff does not allege. (Def.'s Mot. at 8.) In opposition, Plaintiff argues that the Emilna Trust has held title to the Property since December 9, 2020, and that Wells Fargo had accepted mortgage payments for two years after Plaintiff acquired title. (Pl.'s Opp'n at 6.) In reply, Wells Fargo argues that its acceptance of payments does not confer standing, because Plaintiff does not allege that he was the mortgagor (which he was not) or trustor of the loan for the purposes of § 2920.5. (Def.'s Reply at 3.)

Indeed, courts have found that accepting mortgage payments does not endow a plaintiff with standing to sue; rather, the lender must have agreed to put the plaintiff's name on the mortgage. *See Biggs v. Bank of Am. Corp.*, No. ED-15-cv-00267-VAP-KKX, 2017 WL 11648864, at *8 (C.D. Cal. Mar. 16, 2017). Even so, if Plaintiff can plausibly allege that the Emilna Trust

United States District Court
Northern District of California

acquired title to the Property on December 9, 2020,[6] that Plaintiff is the trustor, and that the Emilna Trust formally assumed the loan, then he would have standing as trustor.

Accordingly, the Court dismisses this claim with leave to amend. In consideration of the recorded documents provided in connection with this motion, if Plaintiff cannot plausibly allege in good faith that the above facts are true, he should file a voluntary dismissal.

**iii. Remaining Claims**

Since standing to pursue the remaining claims requires that Plaintiff amend the complaint to allege how the Emilna Trust came by its ownership interest in the Property, the Court dismisses the remaining claims with leave to amend.

## IV. CONCLUSION

For the reasons set forth above, in an abundance of caution, the Court GRANTS the motion to dismiss with leave to amend. Plaintiff shall file the first amended complaint within 21 days of this order.

Given the recorded documents in this case, if Plaintiff cannot in good faith allege the requisite facts to plausibly suggest that the Emilna Trust both owns the Property and formally assumed the loan, he should file a voluntary dismissal.

IT IS SO ORDERED.

Dated: September 28, 2026

KANDIS A. WESTMORE
United States Magistrate Judge

[6] While the Court declines to make a definitive ruling at this time, it appears that the Property was not properly transferred to the Family Trust, because Erlina did not have an individual interest in the Property at the time of the purported transfer in 2013. (Def.'s RJN, Ex. 7 at 1 (grantor is "Erlina M. Arevalo, an unmarried woman").) To the contrary, as explained in Wells Fargo's motion, the Property appears to have been owned by the Erlina Trust and the Ernesto Trust. (*See* Def.'s Mot. at 3-4.) If this is accurate, the Family Trust never had an ownership interest in the Property, so ownership of the Property never transferred to the Emilna Trust, and Plaintiff would not have standing to pursue this lawsuit as successor trustee of the Emilna Trust.